Gilbert, J.
The convictions which I expressed to Mr. Goodrich, when the application was presented, have not been changed by the argument. I still deem it to be my plain duty to refuse the writ of mandamus asked, for the reason that the writ would command the board of canvassers to do acts which the law has not *206 given them the power to do ; in other words, to violate their official duty.
The powers and duties of the board of canvassers are derived exclusively from the statute on this subject. This statute appears to me too plain to allow of any doubt. The district inspectors are to canvass the votes, and to deliver the original statements of such canvass duly certified to the supervisor of the town or ward. The statute then provides that the supervisors to whom the original statement of the canvass of the votes in the towns and wards to which they respectively belong shall have been delivered, shall form the county board of canvassers. Provision is made for the meeting of the board ; then the requirement is as follows : <£ The original statements in each district shall then be produced, and from them the board shall proceed to estimate the votes of the county, and shall make such statements thereof as the nature of the election shall require ; such statements shall then be delivered to and deposited with the county clerk.”
They are then required to make a statement of the canvass and a determination of the result. These are ministerial acts, hi"othing is committed to the judgment or discretion of the board. Their duty is arithmetical merely. They are to cast up the votes appearing upon the returns of the district inspectors which are produced before. If the returns áre irregular, they cannot correct them, but are required to return them to the inspectors for correction, and the inspectors are expressly prohibited from changing or altering any decision before made by them. The board of canvassers are not authorized to institute any inquiries as to the authenticity of the returns, but are to take those produced before them if they are regular on their face, and, if they are not regular on their face, they must return them to the inspectors for correction, as before stated.
*207 The authorities on this subject are unanimous and decisive. The rule is, as declared by the court of appeals of this State in People v. Cook (8 N. Y. [4 Seld.], 67), that “the county canvassers with a regular return from the district inspectors before them, which is fair on its face, have no right to go behind it, and prove that its estimates are unreliable by reason of rowdyism at the polls, or irregularities of the inspectors. . They must act upon it as a regular return, and leave the parties aggrieved to their remedy through the courts of justice (See Bright. Lead. Cas. on Elections, 305, where the authorities are collected).
It has been urged that here is a great public wrong, and that the court, by virtue of its supervisory power over all inferior tribunals, ought to interfere by the writ of mandamus and cause it to be redressed. Passing by the objections to this, of a technical nature, it is sufficient to say that the court has no authority to invest the board of canvassers with powers or duties which the legislature has withheld from them, or to enlarge the powers or duties actually conferred upon them. Our duty is to administer the law, not to make it. The proper remedy is to punish the perpetrators of the frauds alleged, and in an appropriate action wherein the parties interested on both sides can be heard to determine the right to the office involved in the election. I should be glad to have it in my power summarily to deprive the instigators and perpetrators of these frauds of the fruits of their iniquity. It is better, however, to bear with the inconvenience and delay attending the usual remedies, than to seek redress through the exercise of doubtful and dangerous powers. No doubt the statute can be amended so as to secure in a higher degree the purity and inviolability of the suffrage, and this ought to be done. But it rests solely with the legislature whether these objects shall be accomplished or not. For the commanding, *208 or even sanctioning, by the courts, of the exercise by the board of canvassers of any powers to reject returns or to change the result appearing from them, would be fraught with danger, far more, in my judgment, than is likely to proceed from the frauds or crimes of district inspectors. Admit the former, what is to limit or regulate its exercise % Upon what evidence are returns to be regulated or altered % How is the inquiry to be conducted % In what manner are the parties interested to be heard % A little reflection upon the answers to be given to these questions will show the danger alluded to. Considering, also; the lack of publicity attending the exercise of such a power, the constant and powerful temptation to the abuse of it, and the immunity by which the law shields acts of a j udicial nature • done by public officers, the apprehension might reasonably arise, that in time the former might become subversive of the rights of citizens, and fatal to the suffrage of the people, unless the law should provide adequate safeguards against its abuse; For these reasons, if the authority to require the board of canvassers to overhaul the returns in this case were doubtful, I should not issue the writ. But I am certain that they possess no such power.
It is therefore denied.